# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MACK JUIDE, # 441625,

        Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, ET AL.,

        Defendants.
_____/

Case Number: 2:19-12029
Honorable Sean F. Cox

## OPINION AND ORDER OF PARTIAL DISMISSAL

### I. Introduction

Mack Juide is a Michigan state prisoner currently incarcerated at the Oaks Correctional Facility in Manistee, Michigan. Juide, who is proceeding *pro se* and *in forma pauperis*, alleges violations of the First and Eighth Amendments, the Americans With Disabilities Act, 42 U.S.C. § 12131, *et seq.* (ADA), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a) (Rehabilitation Act), and the Michigan Persons With Disabilities Civil Rights Act, Mich. Comp. Laws § 37.1101, *et seq.* (PDCRA).

Juide names seven defendants: the Michigan Department of Corrections (MDOC) and six MDOC employees. He seeks monetary and injunctive relief. For the reasons discussed below, the Court dismisses Juide's claims filed under the

PDCRA, his claims under the ADA and Rehabilitation Act against Defendants Klee, Chapman, White, Martin, Tanner, and Donaghy in their individual capacities, and his Eighth Amendment claims against the MDOC and against Defendants Klee, Chapman, White, Martin, Tanner, and Donaghy in their official capacities.

## II. Factual Allegations

Juide states that he is paralyzed from the chest down, and confined to a wheelchair. (Compl. at 4.) According to the complaint, the occurrences giving rise to this lawsuit took place while Juide was incarcerated at the Gus Harrison Correctional Facility (ARF) in 2016.

Juide claims that while at ARF, he was housed in 3-Unit, "which is ostensibly equipped" to accommodate physically handicapped prisoners. (Comp. at 4.) The handicapped accommodations include a wheelchair lift "to facilitate movement for wheelchair-bound prisoners who are stationed on the lower level of the housing unit." (*Id.*) But, Juide asserts, the wheelchair lift was subject to "routine and protracted episodes of disrepair, dilapidation and being out of service." (*Id.*) When the wheelchair lift was not functioning, Juide was confined to the lower level of 3-Unit. His confinement to the lower level meant Juide was deprived of access to fresh air and exercise, telephone usage, electronic mail, legal materials and the ability conduct research, healthcare, and medically necessary equipment for hygienic elimination of bodily wastes. (*Id.* at 4-5.)

2

On July 14, 2016, Juide filed a grievance naming defendants Klee, Chapman, Martin, Tanner, and Donaghy, alleging that their failure to maintain the wheelchair lift in working condition violated the ADA. (*Id.* at 5.) Juide claims that, the day after he filed this grievance, defendants placed him in segregation. (*Id.* at 5.) The segregation cell was not handicap accessible, forcing Juide to "sit[] upright in his wheelchair for over 13 hours without accessible toilet facilities and languishing in his own bodily waste." (*Id.*) The next day, Juide was transferred to a different, level IV, housing unit that also lacked an operable wheelchair lift and accessible toilet facilities. (*Id.*) Juide alleges that he "wallow[ed] in his own waste for nearly 72 hours." (*Id.*)

## II. Legal Standard

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint

3

is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. Discussion

**A.  Michigan Persons With Disabilities Civil Rights Act**

Michigan's Persons with Disabilities Civil Rights Act (PDCRA) provides that a person may not "[d]eny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation or public service because of a disability that is unrelated to the individual's ability to utilize and benefit from the goods, services, facilities, privileges, advantages, or accommodations or because of the use by an individual

of adaptive devices or aids." Mich. Comp. Laws § 37.1302(a). The statute specifically excludes application to actions or decisions regarding an individual serving a sentence of imprisonment. *See* Mich. Comp. Laws § 37.1301(b); *Uhrynowksi v. County of Macomb,* No. 06-15483, 2007 WL 2984001, at *9 (E.D. Mich. Oct. 12, 2007). Accordingly, Plaintiff's claims under PDCRA will be dismissed.

### B. Rehabilitation Act of 1973 and Americans with Disabilities Act Claims

The ADA prohibits public entities from discriminating against a qualified individual with a disability on account of that disability in the operation of services, programs, or activities. 42 U.S.C. § 1983; *Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206, 210 (1998). The ADA is applicable to state and local government entities, including prisons and county jail facilities. *Yeskey*, 524 U.S. at 210. The proper defendant to a suit under the ADA is the public entity or an official acting in his or her official capacity. *Everson v. Leis*, 556 F.3d 484, 501 n.7 (6th Cir. 2009).

The Rehabilitation Act of 1973 provides that "[n]o otherwise qualified individual with a disability ... shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial

5

assistance." 29 U.S.C. § 794(a). Like the ADA, the Rehabilitation Act does not impose personal liability upon individuals. *Hiler v. Brown*, 177 F.2d 542, 546 (6th Cir. 1999).

Plaintiff names the six individual defendants, all employees of the MDOC, in their individual and official capacities. Plaintiff's claims under the ADA and Rehabilitation Act fail to state a claim against these defendants in their individual capacities. Accordingly, these claims will be dismissed.

### C. Eighth Amendment Claims

Plaintiff's Eighth Amendment claims against the MDOC and the individual defendants in their official capacities are barred by Eleventh Amendment immunity. The Eleventh Amendment bars suits in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984). Michigan has not consented to civil rights suits in federal court. *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004). Suits against state officials in their official capacities are deemed to be suits against the state because a damage award would run against the state treasury, exactly the relief barred by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159 (1985). Plaintiff's Eighth Amendment claims for monetary relief against the MDOC and the other defendants in their official capacities must be dismissed

under the Eleventh Amendment. Further, to the extent that Plaintiff asserts a claim for injunctive relief against any defendants in their official capacities, such a claim would be moot because Plaintiff is no longer confined at the facility where the complained-of conduct occurred. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

### III. Conclusion

The Court dismisses Plaintiff's ADA and Rehabilitation Act claims against Defendants Klee, Chapman, White, Martin, Tanner, and Donaghy in their personal capacities for failure to state a claim.

The Court dismisses Plaintiff's claims filed under the Michigan Persons With Disabilities Act with respect to all defendants.

The Court dismisses Plaintiff's Eighth Amendment claims against the Michigan Department of Corrections and Defendants Klee, Chapman, White, Martin, Tanner, and Donaghy in their official capacities because they are entitled to Eleventh Amendment immunity.

Plaintiff's remaining claims and defendants survive the Court's initial screening under 28 U.S.C. §§ 1915(e)(2)(B).

**IT IS SO ORDERED**.

Dated: October 10, 2019            s/Sean F. Cox
                                   Sean F. Cox
                                   United States District Judge