UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Mack James Juide,

    Plaintiff,

v.                                      Case No. 19-12029

Michigan Department of Corrections, *et al.*,      Sean F. Cox
                                                    United States District Court Judge

    Defendants.
_____/

## ORDER ADOPTING
## 10/8/20 REPORT & RECOMMENDATION

    This matter is currently before the Court on Defendants' objection to Magistrate Judge Anthony P. Patti's October 8, 2020 Order Granting in Part and Denying in Part Defendants' motion for partial summary judgment.

    On January 8, 2020, this Court referred this case to the magistrate judge for all pretrial proceedings, including hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. §636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. §636(b)(1)(B). (ECF No. 14).

    On April 2, 2020, Defendants filed a motion for partial summary judgement arguing that Juide failed to exhaust his claims against all of the Michigan Department of Corrections Defendants and a motion to dismiss based on Eleventh Amendment immunity. (ECF No. 21). Despite the magistrate judge's order for Plaintiff to file a response (ECF No. 22), Plaintiff did not do so, and Defendants' motion is unopposed. However, Judge Patti still reviewed the Defendants' motion to ensure that they met their burden in accordance with *Carver v. Bunch*,

1

946 F.2d 451, 455 (6th Cir. 1991). In his report and recommendation (ECF No. 23), the magistrate judge concluded that "Defendants have failed their burden on exhaustion as to Plaintiff's First and Eighth Amendment damages claims against the individual Defendants in their personal capacities, and such claims should survive summary judgment." (ECF No. 23 at PageID 166). He further recommended "Plaintiff's corresponding claims for monetary relief against the six individual Defendants in their official capacities are barred by the Eleventh Amendment, and such claims should be dismissed." (ECF No. 23 at PageID 166).

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a magistrate judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R. Defendants filed timely objections to the R&R on October 8, 2020. (ECF No. 25).

Defendants object to the report because "Juide did not exhaust any of his claims against Defendant Jerry Tanner" and request that the Court reject the magistrate judge's recommendation to deny summary judgment as to Defendant Tanner. (ECF No. 25 at PageID 172, 173). In their objection, Defendants argue:

> As previously noted, proper exhaustion of a prisoner's administrative remedies is a mandatory, threshold issue that is a precondition to filing an action in federal court, and MDOC Policy Directive 03.02.130 sets forth the applicable grievance procedure. (Br., R. 21, Pg ID 88-93.) None of the Step III grievances that MDOC Defendants submitted show that Juide properly exhausted any of his claims against Defendant Tanner. Indeed, it does not appear that Juide named Tanner in any of the four grievances that he pursued through Step III. While Juide mentioned Tanner's name in grievance ARF-16- 07-1599-03f (*see* Br., R. 21-3, Pg ID 131), he did not pursue that grievance through all three Steps of the grievance process, nor did the Report consider this grievance for exha ustion purposes. (R&R, R. 23, Pg ID 165.)

(ECF No. 25 at PageID 172-173). This Court finds this objection without merit. The magistrate judge specifically reasoned that even though ARF-1628 (one of the grievances that Plaintiff pursued through all three Steps of the grievance process and was considered by the magistrate judge for exhaustion purposes) does not name particular Defendants, the facts alleged corresponded with Plaintiff's claims:

> More importantly, the subject matter of these three grievances is consistent with at least some portions of Plaintiff's operative pleading. For example, **even if ARF-1628 does not name particular Defendants,** the July 16, 2016 incident date and the complaint about the cell's toilet and handicap bars, as well as the mention of MDOC PD 04.06.160 ("Medical Details and Special Accommodation Notices"), are consistent with Plaintiff's claims that he was placed in segregation on July 15th and moved to a housing unit in Level 4 on July 16th, both of which lacked accessible toilet facilities. (ECF No. 21-3, PageID.144; ECF No. 1, ¶ 16.)

(ECF No. 23 at PageID162-163) (emphasis added). This reasoning is part of why the magistrate judge came to his conclusion that "Defendants have not discharged their burden to show that these three grievances "*cannot* serve to exhaust the claims now before the Court."" (ECF No. 23 at PageID 165). The Court concurs with the magistrate judge's analysis.

Accordingly, the Court **OVERRULES** Plaintiff's objection, **ADOPTS** the October 5, 2020 R&R (ECF No. 23), and **ORDERS** that: (1) Defendants' motion for summary judgment is **DENIED** as to Plaintiff's First and Eighth Amendment claims against individual Defendants in their personal capacities; and (2) Defendants' motion for summary judgment is **GRANTED** as to Plaintiff's corresponding claims for monetary relief against the six individual Defendants in their official capacities and such claims are **DISMISSED** because they are barred by the Eleventh Amendment; and (3) Plaintiff's August 7, 2019 request is **GRANTED** to the extent it seeks payment of a single filing fee and he is ordered to pay $350.00 in total for Case No. 2:16-cv-13806 and Case No. 2:19-cv-12029.

3

**IT IS SO ORDERED.**

Sean F. Cox
United States District Judge

Dated: March 11, 2021