UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MACK JAMES JUIDE,

                         Plaintiff,

v.

MICHIGAN DEPARTMENT
OF CORRECTIONS,
PAUL KLEE,
WILLIS CHAPMAN,
RICHARD WHITE,
DAVE MARTIN,
JERRY TANNER, and
ROBIN (DONAGHY) COLEMAN,

                         Defendants.

_____/

Case No. 2:19-cv-12029

District Judge Sean F. Cox

Magistrate Judge Anthony P. Patti

**REPORT AND RECOMMENDATION TO DENY MDOC DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT (ECF No. 29)**

I.    **RECOMMENDATION**:  The Court should **DENY** MDOC Defendants'

motion for summary judgment (ECF No. 29).

II.    **REPORT:**

    A.    **Background**

        The background set forth in the prior report and recommendation warrants

repeating here.  (ECF No. 23, PageID.147-150.)  According to his verified

complaint, Plaintiff is a paraplegic and confined to a wheelchair.  (ECF No. 1, ¶

10.)  He claims that the Michigan Department of Corrections' (MDOC's) Gus

Harrison Correctional Facility's (ARF's) 3-Unit wheelchair lift "has been the subject of what can only be described as routine and protracted episodes of disrepair, dilapidation and being out of Service, resulting in Plaintiff's continual confinement to the lower level of 3-Unit[.]"  (ECF No. 1, ¶ 13.)

On July 14, 2016, while incarcerated at ARF, Plaintiff submitted a grievance (ARF-16-07-1599-03f), which named Klee, Chapman, Martin, Tanner and Donaghy and alleged that the wheelchair lift had been inoperable since July 9, 2016.  (*Id.*, ¶ 15; *see also* ECF No. 21-3, PageID.131.)  *Thereafter*, Plaintiff claims, Defendants retaliated against him in various ways, such as:

- Placing him in segregation on July 15, 2016 "in a cell that did not have either bedding or toilet accessibility for Plaintiff[,] forcing him to remain sitting upright in his wheelchair for over 13 hours without accessible toilet facilities and languishing in his own bodily waste;"

- Moving him on July 16, 2016 "to a housing unit in Level 4 that likewise did not have an operable wheelchair lift or toilet facilities accessible to Plaintiff[;]"

- Improperly acting as the Step I respondent to or Step II reviewer of a grievance or grievance appeal in derogation of due process and MDOC Policy, "thereby rendering the grievance process nugatory;"

- "[D]epriving him of access to health care and proper meals."

(*See* ECF No. 1, ¶¶ 16, 18-19.)  Plaintiff contends that, notwithstanding his pursuit of the administrative grievance process and numerous informal discussions,

2

"defendants continue to engage in the unconstitutional conduct that is the basis of this complaint[.]"  (*Id.*, ¶ 17.)[1]

### B.   Prior Case

On October 25, 2016, while incarcerated at the MDOC's Oaks Correctional Facility (ECF), Mack James Juide (#441625) initiated a lawsuit against the MDOC, six of its employees, and two of its contractors, concerning a wheelchair lift at ARF.  *See Juide v. Michigan Department of Corrections, et al.*, Case No. 2:16-cv-13806-SFC-APP (E.D. Mich.) (ECF Nos. 1, ¶¶ 12-17; ECF No. 29, PageID.141-142).  Plaintiff proceeded *in forma pauperis*.  (ECF Nos. 2, 5.)

The case was referred to the Undersigned for pretrial matters.  (ECF No. 7.) In September and November 2017, the Court granted the two contractor Defendants' motions to dismiss.  (ECF Nos. 41, 49.)  On December 26, 2018, I entered a report and recommendation to deny Plaintiff's motion for summary judgment and grant the MDOC Defendants' motion for summary judgment.  (ECF No. 67.)  Specifically, I recommended that the Court grant the MDOC Defendant's

---

[1] Plaintiff has since filed documentation of matters post-dating his complaint.  On September 6, 2016, while still at ARF, Plaintiff completed a health care request. (ECF No. 31, PageID.241.)  It seems that a nurse sick call was to be scheduled "approx[imately] [September 9, 2016] . . . ."  (*Id.*, PageID.240, 226.)  However, it also seems that Plaintiff was transferred to Oaks Correctional Facility (ECF) on September 9, 2016.  (*Id.*, PageID.226.)  He completed another health care request on October 6, 2016, this time at Oaks Correctional Facility (ECF) and claims to have been seen the same day.  (*Id.*, PageID.242, 215.)

motion for summary judgment based on failure to exhaust administrative remedies, dismiss Plaintiff's claims against them without prejudice, and deny Plaintiff's own motion for summary judgment.  (ECF No. 67, PageID.490-491.)  In February and March 2019, Judge Cox adopted the report and recommendation and entered judgment.  (ECF Nos. 70, 71, 73.)

### C.    Instant Case

On July 9, 2019, while incarcerated at Oaks Correctional Facility (ECF), Plaintiff filed a verified complaint against seven Defendants – (1) the MDOC; (2) Paul Klee, ARF's Warden; (3) Willis Chapman, ARF's Deputy Warden; (4) Richard White, ARF's Head of Maintenance; (5) Dave Martin, an ARF Resident Unit Manager (RUM); (6) Jerry Tanner, an ARF Assistant Resident Unit Supervisor (ARUS); and, (7) Robin (Donaghy) Coleman, an ARF ARUS – in their official and individual capacities.  (ECF No. 1, ¶¶ 2-7; *see also* ECF No. 19.) Plaintiff's causes of action are based upon the First and Eighth Amendments to the U.S. Constitution, the Americans with Disabilities Act (42 U.S.C. §§ 12101, *et seq*.), the Rehabilitation Act (29 U.S.C. §§ 701, *et seq*.), and the Michigan Persons with Disabilities Civil Rights Act (Mich. Comp. Laws §§ 37.1101, *et seq*.).  (*Id*., ¶¶ 8, 21-38.)[2]  He seeks monetary and declaratory relief.  (*Id*., ¶¶ 39-40.)

---

[2] It appears that Plaintiff's ADA claims are based upon alleged violations of 42 U.S.C. § 12203 ("Prohibition against retaliation and coercion") and/or 28 C.F.R. § 35.152 ("Jails, detention and correctional facilities, and community correctional

**D.    Plaintiff's official capacity claims for injunctive relief were rendered moot by his September 9, 2016 transfer from ARF, and his official capacity claims for damages are barred by the Eleventh Amendment.**

On October 10, 2019, Judge Cox entered an order, which:  (1) dismissed Plaintiff's ADA and Rehabilitation Act claims against Defendants Klee, Chapman, White, Martin, Tanner, and Donaghy in their personal capacities for failure to state a claim; (2) dismissed Plaintiff's claims filed under the Michigan Persons With Disabilities (Civil Rights) Act (MPDCRA) with respect to all defendants; (3) dismissed Plaintiff's Eighth Amendment claims against the MDOC and Defendants Klee, Chapman, White, Martin, Tanner, and Donaghy in their official capacities because they are entitled to Eleventh Amendment immunity; and, (4) concluded that Plaintiff's remaining claims and defendants survive the Court's initial screening under 28 U.S.C. §§ 1915(e)(2)(B).  (ECF No. 8, PageID.36.)

Importantly, the order also acknowledged:  "to the extent that Plaintiff asserts a claim for injunctive relief against any defendants in their official capacities, such a claim would be moot because Plaintiff is no longer confined at the facility where the complained-of conduct occurred."  (ECF No. 28, PageID.185.)  *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("to the extent

_____

facilities.") and that Plaintiff's discrimination claims are based on alleged violations of 29 U.S.C. § 794 ("Nondiscrimination under Federal grants and programs").  (ECF No. 1, ¶¶ 8, 24, 27-28, 31.)

Kensu seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution that searched his mail.").[3]  Moreover, the Court has since noted that Plaintiff's First *and* Eighth Amendment claims for monetary relief against the six individual defendants in their official capacities are barred by the Eleventh Amendment.  (ECF No. 28, PageID.185.)  It goes without saying that Plaintiff's constitutional claims for monetary relief against the MDOC are barred for the same reason.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) ("The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts.").

Thus, the Court is left to consider *monetary damages* claims against the individual Defendants *in their personal capacities*, specifically:  (1) Plaintiff's First Amendment damages claims against Defendants Klee, Chapman, Martin, Tanner and Donaghy concerning placement in segregation (*see* ECF No. 1, ¶¶ 26-32); (2) Plaintiff's Eighth Amendment damages claims against Defendants Klee, Chapman, Martin, Tanner and Donaghy concerning placement in segregation and in a custody setting higher than his actual security classification (*see* ECF No. 1, ¶¶

---

[3] The mootness of Plaintiff's injunctive relief claims is buttressed by Plaintiff's March 10, 2020 parole (ECF No. 18; ECF No. 29, PageID.207) and March 10, 2021 discharge (www.michigan.gov/corrections, "Offender Search," last visited Dec. 10, 2021) from the MDOC's custody.

21-25); (3) Plaintiff's Eighth Amendment damages claims against unspecified
Defendants regarding deprivation of "proper medical treatment," "access to
medically necessary aids" and "privacy," (*see* ECF No. 1, ¶¶ 33-35); and, (4)
Plaintiff's Eighth Amendment damages claims against Defendants Klee, Chapman,
White, Martin, Tanner, and Donaghy concerning maintenance of the wheelchair
lift (ECF No. 1, ¶ 36-38).[4]

### E.    Pending Dispositive Motion

On November 9, 2020, I conducted a video scheduling and status
conference, at which the parties confirmed they did not need further discovery,
with the possible exception of taking Plaintiff's deposition.  The Court's resulting
order provided, *inter alia*, that motions for summary judgment <u>on the merits</u> were
to be filed "no later than Wednesday, March 17, 2021."  (ECF No. 27,
PageID.181.)

Currently pending before the Court is the MDOC Defendants' timely-filed
motion for summary judgment, which poses two arguments:  (1) Plaintiff "cannot
demonstrate the personal involvement in the alleged unconstitutional conduct by
any of the Defendants[;]" and, (2) "Juide's ADA claims should be dismissed

---

[4] On March 11, 2021, the Court denied Defendants' motion for summary judgment
as to Plaintiff's First and Eighth Amendment claims against individual Defendants
in their personal capacities.  (ECF No. 28, PageID.185.)

because they sound in equal protection and are moot because he is no longer in prison." (ECF No. 29.)

Plaintiff's response was due on or before April 16, 2021. (ECF No. 30.) Plaintiff's opposition is dated March 29, 2021 but was not filed until April 30, 2021. (ECF No. 31, PageID.211-217.) The time within which Defendants could have filed a reply has passed without action; therefore, this matter is ready for review.

### F.    Standard

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (internal citations omitted).

"The moving party has the initial burden of proving that no genuine issue of material fact exists . . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56 (e)(2) (providing that if a party "fails to properly address another party's assertion of

fact," then the court may "consider the fact undisputed for the purposes of the motion."). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The nonmoving party must "make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *see also Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011) ("The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]here must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute.") (internal quotation marks and citations omitted).

Summary judgment is appropriate if the evidence favoring the nonmoving party is merely colorable or is not significantly probative. *City Management Corp. v. United States Chem. Co.*, 43 F.3d 244, 254 (6th Cir. 1994). In other words, summary judgment is appropriate when "a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case. . . ." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

9

The fact that Plaintiff is *pro se* does not lessen his obligations under Rule 56. Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006).  In addition, "[o]nce a case has progressed to the summary judgment stage, . . . 'the liberal pleading standards under *Swierkiewicz* [*v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002)] and [the Federal Rules] are inapplicable.'" *Tucker v. Union of Needletrades, Indus. & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005) (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)).  The Sixth Circuit has made clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's "status as a pro se litigant does not alter [this] duty on a summary judgment motion." *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010); *see also United States v. Brown*, 7 F. App'x 353, 354 (6th Cir. 2001) (affirming grant of summary judgment against a pro se plaintiff because he "failed to present any evidence to defeat the government's motion").

### G.     Defendants have not satisfied their initial Fed. R. Civ. P. 56(a) burden as to Plaintiff's remaining First and Eighth Amendment personal capacity damages claims.

Defendants first argue that Plaintiff "cannot demonstrate the personal involvement in the alleged unconstitutional conduct by any of the Defendants." (ECF No. 29, PageID.196-199.)  Specifically, Defendants claim that Plaintiff's

complaint does not comport with Fed. R. Civ. P. 8, because "the construction of the complaint makes it impossible for Defendants to respond to individualized allegations[,]" as "Defendants are all lumped together as if each of them always took the same actions against Juide." (*Id.*, PageID.196.)  Similarly, Defendants contend that "Juide simply names all of the Defendants or refers to them as 'Defendants…' before making a specific allegation of retaliation, making the appearance that all of the Defendants were present for each act for which he complains." (ECF No. 29, PageID.197.)  Also, Defendants claim that Plaintiff "has failed to allege and prove that any of the named Defendants personally participated in 'the deprivation of an actual constitutional right at all[.]'" (ECF No. 29, PageID.197 (quoting *Conn v. Gabbert*, 526 U.S. 286, 290 (1999).)

However, even if these circumstances "often lead[] to an amended complaint[,]" or even considering Defendants' assertion of "vagueness," Defendants never moved for a more definite statement as permitted by Fed. R. Civ. P. 12(e).  (ECF No. 29, PageID.197-198.)  Also, notwithstanding their April 2, 2020 single citation to Fed. R. Civ. P. 12(b)(6) (ECF No. 21, PageID.79), for which the related argument asserted Eleventh Amendment immunity (*id.*, PageID.87, 97), Defendants have not filed a motion to dismiss Plaintiff's surviving claims – *i.e.*, the First and Eighth Amendment claims for damages against Defendants in their personal capacities – for failure to state a claim upon which

relief can be granted.  Such motions are routinely filed and are assessed under a

different standard than the summary judgment standard under which Defendants

bring their instant motion.

Defendants make two additional sub-arguments, each of which is unavailing.

(ECF No. 29, PageID.198-199.)  While it is true that Section 1983 claims may not

be based on a theory of *respondeat superior*, Defendants' related statement – "the

allegations make it obvious that the entirety of Juide's complaint is based on a

theory of respondeat superior[,]" (ECF No. 29, PageID.198) – is not developed.  If

Defendants believe that *respondeat superior* is the underlying premise of

Plaintiff's claims, it behooves them to explain why the Court should so conclude.

Also, Defendants argue that "prisoners do not have a constitutional right to an

effective grievance process," and that "Juide cannot sustain a § 1983 claim against

Chapman based on his belief that Chapman's response was inadequate."  (ECF No.

29, PageID.199.)  Yet, the cases upon which Defendants rely are not convincing

here.  One considers the Fourteenth Amendment's due process clause, which type

of claim Plaintiff does not appear to make in this case, as discussed in further detail

below.  *See Hewitt v. Helms*, 459 U.S. 460, 462 (1983) (granting certiorari "to

consider what limits the Due Process Clause of the Fourteenth Amendment places

on the authority of prison administrators to remove inmates from the general prison

population and confine them to a less desirable regimen for administrative

reasons."). The other addresses the *adequacy* of a grievance response; whereas, Plaintiff's factual allegations concern the *propriety* of Chapman *acting as a respondent* under MDOC PD 03.02.130 ¶ V ("[p]risoners and staff who may be involved in the issue being grieved shall not participate in any capacity in the grievance investigation, review, or response, except as necessary to provide information to the respondent.") (*see* ECF No. 1, PageID.5 ¶ 18). *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim.").

Finally, a point of clarification is necessary here. In his response, Plaintiff contends that his grievances – namely ARF-16-07-1599-03f, ARF-16-07-1645, ARF-16-08-1883-28a, and ARF-07-1627-12e (and perhaps even ARF-16-08-1817-11E and ARF-16-08-1911-27C) – "arguably named the Defendants and provide[] enough information to place the responsible staff on notice to the violations." (ECF No. 31, PageID.211; *see also id.*, PageID.219, 220, 222.)[5] To be clear, the issue of whether Plaintiff's claims have been *administratively exhausted* – a matter that was addressed in Defendants' initial dispositive motion (ECF No. 21) and

---

[5] Plaintiff attaches a copy of a letter dated October 10, 2016, wherein the MDOC Office of Legal Affairs informed Plaintiff that he must include a readable / completed Step II Grievance Appeal Form and a legible reason for appeal to Step III. (ECF No. 31, PageID.221.)

13

upon which this Court has opined (ECF No. 28) – is distinct from the issue of whether Plaintiff's *complaint* alleges Defendants' personal involvement in the events underlying Plaintiff's claims – the matter currently at bar.  Likewise, Plaintiff's assertion that Defendants' motion should be denied where Plaintiff complied with MDOC Policy Directive 03.02.130 ("Prisoner/Parolee Grievances") seems more of a response to Defendants' initial exhaustion and immunity-based motion (ECF No. 21) than to the instant summary judgment motion (ECF No. 29).

In sum, the MDOC Defendants' protest that "Defendants are all lumped together" or are referred to as "Defendants."  (ECF No. 29, PageID.196-197.)  The MDOC Defendants, as the movants, may satisfy their "initial burden of demonstrating the absence of genuine disputes of material fact[,]" by "offering affirmative evidence that negates an element of [Plaintiff]'s claims[,]" or by "pointing to an absence of evidence to support [Plaintiff]'s claims."  *Knight Cap. Partners Corp. v. Henkel AG & Co., KGaA*, 930 F.3d 775, 778 (6th Cir. 2019) (referencing *Celotex*, 477 U.S. at 323).  Here, the MDOC Defendants have not presented any evidence.  In fact, it is *Plaintiff* who brings certain Defendants' affidavits, which were filed September 2018 in Plaintiff's prior case, to the Court's attention (ECF No. 31, PageID.223-233), as well as certain emails (ECF No. 31,

14

PageID.234-239), and the MDOC Defendants did not file a reply.[6]  The MDOC

Defendants' blanket attempts to point to an absence of evidence – "Juide has no

admissible evidence to show that the individual defendants committed any actions

that violated his First or Eighth Amendment rights[,]" or "Juide has no evidence to

show that each Defendant were personally involved in his allegations" (ECF No.

29, PageID.197) – do not adequately show "there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law."  Fed. R.

Civ. P. 56(a) with respect to Plaintiff's First Amendment (ECF No. 1, PageID. 6 ¶¶

26-32) or Eighth Amendment claims (ECF No. 1, PageID.5 ¶¶ 21-25, PageID.7-8

¶¶ 33-35, 36-38).  At most, Defendants make arguments akin to those ordinarily

made to a jury or presented in a Fed. R. Civ. P. 12(b)(6) motion to dismiss.

### H.    The Court need not address Defendants' ADA argument.

Defendants' second March 17, 2021 argument – *i.e.*, "Juide's ADA claims

should be dismissed because they sound in equal protection and are moot because

he is no longer in prison[,]" (ECF No. 29, PageID.199-108) – is somewhat of a

mystery, because the Court previously:  (1) dismissed "Plaintiff's ADA . . . claims

---

[6] Even if the MDOC Defendants wanted the Court to consider these affidavits, the Undersigned would decline the invitation as to most of them, because four of the five attached affidavits refer to inmates David Taylor #120631 in some paragraphs and Plaintiff Mack Juide #441625 in others.  (*See* ECF No. 31, PageID.223-224 ¶¶ 3, 5 [Martin Affidavit]; *id.*, PageID.225-226 ¶¶ 3, 5, 7 [Donaghy Affidavit]; *id.*, PageID.228-229 ¶¶ 3, 6 [Klee Affidavit]; *id.*, PageID.230-231 ¶¶ 3, 6, 7 [Tanner Affid.].)

against [the six individual] Defendants . . . in their personal capacities for failure to state a claim[;]" and, (2) as illustrated above, found that Plaintiff's official capacity claims for injunctive relief were rendered moot by his September 9, 2016 transfer from ARF (or his subsequent parole and/or discharge from MDOC custody), and his official capacity claims for damages are barred by the Eleventh Amendment. (ECF No. 8, PageID.36; ECF No. 28, PageID.185.)  Thus, even if Defendants intended their current ADA argument to address an *official* capacity ADA claim, such a claim did not survive the Court's March 2021 order.  (ECF No. 28.) Accordingly, the Court need not address Defendants' present ADA argument.

Nonetheless, two more points are warranted.  First, in his motion response, Plaintiff explains that he wishes to bring a claim based on 42 U.S.C. §12203 ("Prohibition against retaliation and coercion"), which falls within the ADA and which Plaintiff claims applies to detention or corrections facilities.  (ECF No. 31, PageID.215-216.)  However, the Court has already addressed Plaintiff's individual capacity ADA claims and his official capacity claims (ECF Nos. 8, 28); if Plaintiff disagreed with either of these orders or the underlying report and recommendation (ECF No. 23), then his recourse was to file a motion for reconsideration of, an objection to, or an appeal of those filings.  He did not do so.  Moreover, his April 30, 2021 motion response would not operate as a timely challenge to the Court's October 2019 order (ECF No. 8), the October 2020 report and recommendation

16

(ECF No. 23), or the March 2021 order (ECF No. 28).  *See* Fed. R. Civ. P. 72, E.D. Mich. Local Rules 7.1(h)(2) and 72.1(d).  The ADA claim will not be revisited here.

Second, Plaintiff contends that his due process claim is based on having been sent to segregation – "without a fair procedure" – in retaliation for practicing his First Amendment rights, *i.e.*, he "was harmed as a person without following the exact course of the law and policies."  (ECF No. 31, PaegID.216-217.)  However, this report does not interpret Plaintiff's original complaint as alleging a cause of action based upon the Fourteenth Amendment's due process clause.  While the complaint mentions the Fifth and Fourteenth Amendments to the U.S. Constitution in the *jurisdictional section* of his complaint (ECF No. 1, PageID.2 ¶ 8) and contends within the *factual allegations* that Chapman's response to or review of grievances in which he is a grieved party is "in clear derogation of *due process* and MDOC policy, thereby rendering the grievance process nugatory[,]" (*id.*, PageID.5 ¶ 18), there does not seem to be further mention of "due process" or, for that matter, "equal protection."  Instead, Plaintiff's four *causes of action* are based on the First and Eighth Amendments (ECF No. 1, PageID.5-8 ¶¶ 25, 27, 32, 38).

## I.    Conclusion

Plaintiff's First and Eighth Amendment damages claims against the individual Defendants in their personal capacities survived the initial dispositive

motion.  (ECF No. 23, PageID.158-165; ECF No. 28, PageID.185.)  As set forth

above, these claims also survive the instant dispositive motion.  Accordingly, the

Court should **DENY** Defendants' March 17, 2021 motion for summary judgment

(ECF No. 29).

## III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within 14 days of service,

as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d).  Failure to

file specific objections constitutes a waiver of any further right of appeal.  *Thomas*

*v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d

505 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others

with specificity will not preserve all the objections a party might have to this

Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d

390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d

1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections

must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No.

2," *etc.*  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR

72.1(d).  The response must specifically address each issue raised in the objections,

in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," *etc.*  If the Court determines that any objections are without

merit, it may rule without awaiting the response.


Dated:  December 21, 2021

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE